McGuirk v. Mt. Cranmore Condo          CV-00-590-M    01/30/02
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Joyce McGuirk and James McGuirk,
      Plaintiffs

      v.                                  Civil No. 00-590-M
                                          Opinion No. 2002 DNH 029
Mt. Cranmore Condominium
Association,
      Defendant, and

Mount Cranmore Ski Resort, Inc.,
      Defendant, Cross Claim Defendant,
       and Third-Party Plaintiff

      v.

L.A. Drew, Inc. and
C&M Total Property Maintenance, Inc.,
      Third-Party Defendants


                          **O R D E R**


      Joyce McGuirk and her husband, James, bring this action

against the Mt. Cranmore Condominium Association (the "Condo

Association") and its property manager, Mount Cranmore Ski

Resort, Inc. ("SRI"), seeking compensation for damages they claim

to have sustained after Joyce slipped and fell on an icy portion

of the condominium's common area.

After being served with plaintiffs' complaint, the Condo Association filed a cross claim against SRI.  In it, the Condo Association alleges that, pursuant to the parties' property management agreement, SRI is obligated to maintain all of the common area within the condominium and, among other things, ensure that all walkways and parking areas are properly cleared of snow and adequately sanded.  And, says the Condo Association, because SRI was contractually bound to provide (or, at a minimum, arrange for) snow removal services, it is implicitly obligated to indemnify the Condo Association for any losses incurred as a result of the faulty performance of those services.

SRI, in turn, filed a third-party complaint against two contractors that had been hired to provide snow removal services at the condominium: L.A. Drew, Inc. (which was apparently responsible for plowing roads and parking areas within the condominium) and C&M Total Property Management, Inc. (which was apparently responsible for removing snow and ice from walkways within the condominium).

The Condo Association moves for summary judgment as to its indemnification claim against the property manager, SRI. Third-party defendant L.A. Drew, Inc. also moves for summary judgment, claiming it is entitled to judgment as a matter of law with regard to the claim asserted against it by SRI. For the reasons set forth below, those motions are denied.

## Standard of Review

When ruling on a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

3

**Discussion**

I.   The Condo Association's Motion for Summary Judgment.

In support of its motion for summary judgment, the Condo Association asserts that, "under the management contract, [SRI] was to manage and supervise the operation, care and maintenance of the common areas, including parking areas and walkways, as well as hire the necessary personnel and contractors to maintain the common areas."  Condo Association's memorandum (document no. 35) at 4.  Arguably, the contract between the Condo Association and SRI provides, at least implicitly, that SRI is responsible for snow removal from all common areas of the condominium (including, for example, walkways and parking areas) and authorizes SRI to hire third parties to perform such tasks.  See Exhibit A to Condo Association's memorandum, Management Contract Between Mt. Cranmore Condominium Association and Mt. Cranmore Ski Resort, Inc., at para. 4.  Consequently, the Condo Association asserts that since Ms. McGuirk claims to have sustained injuries when she slipped on ice located on a portion of the common area, SRI has an implied obligation under the property management agreement to indemnify the Condo Association for any resulting losses.

4

SRI does not deny its contractual relationship with the Condo Association.  It does, however, deny that the parties ever understood the property management agreement's language to require SRI to provide snow removal services.  It also denies that it entered into contracts for the removal of snow with the third-party defendants to meet any such obligation.  Instead, it asserts that the Condo Association contracted with those parties directly.[1]  Thus, says SRI, the Condo Association's own behavior demonstrates that neither SRI nor the Condo Association considered snow removal to be part of SRI's contractual obligations to the Condo Association.  Instead, suggests SRI, the Condo Association recognized that the Condo Association itself was responsible for snow removal and, therefore, directly entered into contracts with two different entities to provide such services, rather than requiring SRI to arrange for those services.

---

[1]     Although none of the parties has provided the court with copies of the snow removal contracts entered into with the third-party defendants, both of those third-party defendants say they contracted directly with the Condo Association, and not with SRI.  See C&M Total Property Maintenance, Inc.'s Amended Answer to Third Party Complaint (document no. 37) at para. 8; L.A. Drew, Inc.'s Answer to Third Party Complaint (document no. 28) at para. 7.

5

In support of that position, SRI has submitted the affidavit of Jennifer Warner, SRI's human resources director. In that affidavit, Ms. Warner testifies that SRI has not, since at least 1994 (i.e., well prior to the execution of the property management agreement at issue in this case), performed any maintenance work (including snow removal) on behalf of the Condo Association. Exhibit A to SRI's objection (document no. 38), Affidavit of Jennifer A. Warner. Instead, according to Ms. Warner, SRI functions exclusively in an administrative role, soliciting and collecting bids from various contractors and providing them to the Condo Association. The Condo Association's board of directors, not SRI, reviews those bids, selects the contractors with which it wishes to deal, and enters into contracts with them directly. Id.

In light of the foregoing, SRI says that, at the very least, there is a genuine factual dispute as to which parties had (and allegedly breached) a contractual obligation to provide snow removal services to the Condo Association. Viewed somewhat differently, SRI seems to suggest that the property management

agreement between the Condo Association and SRI is ambiguous as to whether SRI is obligated to provide snow removal services.[2]

If, as claimed by the Condo Association, SRI contracted with the third-party defendants to provide snow removal services, that conduct suggests that the parties interpreted the property management agreement to impose upon SRI the obligation to keep the common areas free of snow and ice. Under those circumstances, the Condo Association might well have a legitimate claim that SRI owes it an implied duty to indemnify it against any losses sustained as a result of the sub-standard performance of those snow removal services. If, on the other hand, the Condo

---

[2] While it is not clear from its pleadings, SRI might also be asserting that a novation occurred. That is to say, the Condo Association's contracts with the third-party defendants served as "substitute contracts" concerning snow removal services at the condominium, thereby discharging SRI of its snow removal obligations under the property management agreement. See generally Skandinavia, Inc. v. Cormier, 128 N.H. 215, 219 (1986) ("A novation is a substituted contract that includes as a party one who was neither the obligor nor the obligee of the original duty. A novation requires: (1) a previous, valid obligation; (2) the agreement of all parties to a new contract; (3) the extinguishment of the old contract; and (4) validity of the new one.") (citations and internal quotation marks omitted); See also Tentindo v. Locke Lake Colony Ass'n., 120 N.H. 593, 598 (1980) ("Assent to the terms of a novation need not be shown by express words, but may be implied from the facts and circumstances attending the transaction and conduct of the parties.") (citation omitted).

7

Association contracted directly with the third-party defendants for those services, it suggests that the Condo Association did not believe the property management agreement required SRI to provide snow removal services (or that a novation might have occurred).  Under those circumstances, SRI very likely has no implied obligation to indemnify the Condo Association for any losses it might sustain as a result of the negligent performance of those snow removal services.

II.  <u>L.A. Drew, Inc.'s Motion for Summary Judgment</u>.[3]

Third-party defendant L.A. Drew, Inc. also moves for summary judgment, asserting that it was not contractually obligated to remove snow or ice from "walkways" within the condominium's common area.  And, because plaintiffs' complaint alleges that Ms. McGuirk fell while walking on "a pedestrian walkway," complaint at para. 8, L.A. Drew claims it cannot be liable for any of plaintiffs' alleged injuries.

---

[3]     Although L.A. Drew's motion is captioned as one to dismiss, the relief it seeks is summary judgment.  See <u>Id.</u>, at 3 ("Defendant, L.A. Drew, Inc., respectfully requests this Honorable Court grant L.A. Drew, Inc.'s motion for summary judgment.").

While plaintiffs' complaint alleges that Ms. McGuirk was walking on a "pedestrian walkway" when she fell, it is unclear precisely where she was when she slipped on the ice and fell. In an affidavit submitted by Ms. McGuirk, however, she clarifies that point, testifying that the area in which she fell is used as both a pedestrian walkway and an access road. See Exhibit B to plaintiffs' objection (document no. 40), Affidavit of Joyce McGuirk. Photographs submitted as part of the accident investigation report prepared by plaintiffs' agent support that characterization of the area, revealing that the way on which Ms. McGuirk slipped could be used by both pedestrians and motor vehicles to access several condominium units. See Exhibit B to plaintiffs' objection. Consequently, the complaint's characterization of the area as a "walkway" does not resolve the critical question presented by L.A. Drew's motion: who was responsible for clearing snow and ice from that area.

Unfortunately, L.A. Drew has not provided the court with a copy of the contract under which it assumed the obligation to provide snow removal services at the condominium. Consequently, the court cannot conclude, as a matter of law, that L.A. Drew was

9

not obligated to remove snow and ice from the area in which Ms. McGuirk fell. Merely asserting that: (a) Ms. McGuirk fell on a "walkway"; and (b) it was not obligated to remove snow from "walkways" is insufficient to demonstrate that L.A. Drew is entitled to judgment as a matter of law (as it requests in its "motion to dismiss"). Presumably, the contract between L.A. Drew and the Condo Association (or SRI, as the case may be) clearly defines the scope of L.A. Drew's obligations and describes with some measure of detail the precise areas within the condominium from which it is obligated to remove snow. Without the benefit of that contract, the court cannot grant L.A. Drew's motion for summary judgment.

## Conclusion

Because the record is, at best, sparsely developed, and because there is a genuine dispute as to which party or parties were contractually obligated to provide snow removal services to the Condo Association, and because the property management agreement is arguably ambiguous on that issue (and is certainly silent as to any indemnification obligations on the part of SRI), the Condo Association is not entitled to judgment as a matter of

law with regard to its indemnification claim against SRI. Its motion for summary judgment (document no. 35) is, therefore, denied without prejudice to refiling on a more complete record.

Similarly, the record is insufficiently developed to permit the court to conclude that L.A. Drew, Inc. is entitled to summary judgment with regard to the third-party claim asserted against it by SRI. Consequently, its motion for summary judgment (document no. 39) is also denied without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 30, 2002

cc:  Paul W. Chant, Esq.
     Caroline K. Delaney, Esq.
     Evan M. Hansen, Esq.
     Christopher P. Reid, Esq.
     Ronald J. Lajoie, Esq.
     Lawrence B. Gormley, Esq.